# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 2:03CR10017<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| FRANKLIN DEEL, | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorneys, Abingdon, Virginia, for United States; Nancy C. Dickenson and Brian J. Beck, Assistant Federal Public Defenders, Abingdon, Virginia, for Defendant.*

Franklin Deel, previously sentenced by this court following his conviction by a jury of illegal possession of a firearm, 18 U.S.C. § 922(g), has filed a motion under 28 U.S.C. § 2255, contending that his sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is invalid. For the reasons that follow, I will deny the motion.

I.

At his sentencing on July 24, 2003, Deel was found by the court to be an armed career criminal pursuant to the ACCA. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions by any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned

not less than fifteen years." 18 U.S.C. § 924(e)(1). Deel had been previously convicted of eight Virginia burglaries, each of which was committed on different days against different victims in December 1990 and January 1991, when the defendant was 18 years old. No objection was made to the probation officer's Presentence Investigation Report, which recommended that Deel be sentenced as an armed career criminal based upon the burglary convictions. His Sentencing Guideline range was determined to be 188 to 235 months and he was sentenced at the low end of that range. Judgment was entered on July 25, 2003, and no appeal was taken.[1]

Thereafter, on July 30, 2004, Deel filed a pro se § 2255 motion, claiming, among other things, that his attorney had failed to advise him concerning an appeal. Following an evidentiary hearing, at which Deel was represented by appointed counsel, the motion was denied. *Deel v. United States*, No. 7:04CV00422 (W.D. Va. Jan. 10, 2005), *appeal dismissed*, 159 F. App'x 515 (4th Cir. 2005) (unpublished).

On September 8, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), the Federal Public Defender for this district was appointed to represent Deel in connection with a possible § 2255 motion. On April 20, 2016, the

---

[1] Deel's term of imprisonment is scheduled to expire on December 20, 2016.

– 2 –

Federal Public Defender filed on Deel's behalf a pleading entitled "Emergency Motion to Vacate and Correct Illegal Sentence under 28 U.S.C. § 2255 and *Johnson v. United States*" in which it was asserted that Deel's burglary convictions were invalid predicates for his ACCA sentence enhancement. The motion was dismissed without prejudice on the ground that it was successive, *see* 28 U.S.C. § 2244(b)(3), based upon Deel's earlier unsuccessful § 2255 motion. (Order, April 21, 2016, ECF No. 37.) On June 22, 2016, counsel for Deel filed with the court of appeals a "Renewed Application for Leave to File a Successive Motion under 28 U.S.C. § 2255," attaching thereto a proposed § 2255 motion attacking Deel's ACCA sentence based upon his burglary convictions. *In re Deel*, No. 16-9482, Doc. 2-1, Doc. 2-2 (4th Cir.).[2] On June 24, 2016, counsel for Deel filed in this court the § 2255 motion, along with a "Motion to Hold § 2255 Filing in Abeyance," reciting that Deel had requested permission from the court of appeals to file the § 2255 motion, but that the court of appeal had yet to make a ruling. Deel requested this court to hold the § 2255 motion "in abeyance" pending such permission. Thereafter, on June 27, 2016, the court of appeals granted authorization to Deel to file a successive motion based upon the possible application of *Johnson*. *In re*

---

[2] The application was entitled "Renewed" presumably because the court of appeal had denied an earlier motion seeking authorization. *In re Deel,* No. 16-469 (4th Cir. May 26, 2016).

– 3 –

*Deel*, No. 16-9482, Doc. 6-2 (4th Cir. June 27, 2016). The clerk of the court of appeals also transmitted to this court a Notice of Authorization advising that the § 2255 application attached to the motion for authorization was being "transferred to the district court." (ECF No. 43.) That 2255 motion submitted to the court of appeals was docketed in this court on June 28, 2016. (ECF No. 44.)

At Deel's sentencing in 2003, defense counsel recognized that Deel was properly classified as an armed career criminal, based upon his prior burglary convictions. As the attorney stated to the court:

> MR. JONES: Your Honor, if it please the court, Your Honor, if it please the court, on behalf of Mr. Deel I would like to be here before the court arguing substantively regarding his classification as an armed career offender.
>
> However, under the rationale the Fourth Circuit adopted, due to each one of the underlying breaking and entering offenses occurring at separate times, of course that's, that would be inappropriate, I think.
>
> . . . .
>
> Mr. Deel's history does not reflect that he's a recidivist. What his history reflects is there was a period of time in which he committed a number of criminal acts that have been defined as crimes of violence, that being the generic burglary that the United States Supreme Court resolved in the *Taylor* case.

(Sentencing Tr. 5, 7, July 24, 203, ECF No. 32.)

– 4 –

The government has filed a Motion to Dismiss the defendant's § 2255 motion. The issues have been fully briefed and are ripe for decision.[3]

## II.

Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson.* The force and enumerated crime clauses were untouched by *Johnson*. The holding in *Johnson*

---

[3] In deciding a § 2255 motion, the court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Neither party has requested an evidentiary hearing. I have thoroughly reviewed the motions, files, and records in this case and find that no such hearing is necessary.

– 5 –

was made retroactive by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Virginia burglary statute, section 18.2-91 of the Virginia Code, in turn refers to Virginia Code section 18.2-90 for the elements of the crime. That section, as it read at the time of Deel's offenses, provided that

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, church as defined in § 18.2-127, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation . . . shall be deemed guilty of statutory burglary. . . .

Va. Code Ann. § 18.2-90, as amended by 1997 Va. Acts ch. 832.[4]

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the word "burglary" as used in the ACCA meant a felony crime that had the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." This generic definition, the Court noted, excluded various state crimes that were called burglaries, but involved a

---

[4] In 2004 the statute was amended to change the words "office, shop, manufactured home, storehouse, warehouse, banking house, church as defined in § 18.2-127, or other house" to "building permanently affixed to realty." 2004 Va. Acts ch. 842.

– 6 –

place other than a building or structure, such as an automobile, or a "'booth or tent, or any boat or vessel, or railroad car.'" *Id.* at 599 (referring to Missouri burglary statute).

I recently held that a Virginia burglary does not qualify as an enumerated offense because the Virginia statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it lists "multiple, alternative means of satisfying one (or more) of its elements." *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057, at *2 W.D. Va. Oct. 7, 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). For the same reasons relied upon in *Gambill*, Deel argues that his eight Virginia burglary convictions are invalid as ACCA predicates.

In addition to contending that a Virginia burglary is a valid enumerated offense under the ACCA, the government argues that the *Johnson* holding applies only to the residual clause and Deel has not shown that any of his eight burglary convictions were treated at sentencing as falling under that clause. Since the movant in an § 2255 proceeding "must shoulder the burden of showing" constitutional error, *United States v. Frady*, 456 U.S. 152, 170 (1982), the government contends that *Johnson* does not apply to him. Accordingly, the government asserts that Deel's claim is barred by the statute of limitations because

– 7 –

it was filed within one year of the date his firearms conviction became final.[5] Finally, the government contends that the claim is defaulted, since it was not raised on direct review and Deel has not shown either cause or prejudice, or that he is actually innocent, in order to overcome that default.

### III.

I agree with the government that *Johnson* does not apply to Deel's case. The record is sufficiently clear that Deel's ACCA predicates were not applied under the residual clause, but under the enumerated crimes clause. Even though I found in *Gambill* that a Virginia burglary conviction is not a proper predicate under the enumerated crimes clause, relying on the later statutory constructions of the ACCA provided in *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013), I did so without any reliance on *Johnson*.[6]

Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

> (1) the date on which the judgment of conviction becomes

---

[5] The government does not contend that the only successive § 2255 motion authorized by the court of appeals is barred because it was not filed within one year of the date of the decision in *Johnson*, which was June 26, 2015.

[6] In *Gambill* there was no statute of limitations issue nor any claim by the government that the movant had defaulted his claim. *Gambill*, 2016 WL 5865057, at *2 n.1.

– 8 –

final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since *Johnson* does not apply to Deel, he cannot rely on clause (3) above. He did not file his motion within one year of the date his conviction became final, and thus his claim is barred. Because Deel's claim fails under the statute of limitations, it is unnecessary for me to reach the government's assertion that it has been defaulted.

IV.

For the reasons stated, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF No. 49) is GRANTED and the Motion to Vacate and Correct Illegal Sentence Under 28 U.S.C. § 2255 and *Johnson v. United States* (ECF Nos. 41, 44)

– 9 –

is DENIED. The defendant's motions seeking release on bond (ECF Nos. 46, 51, 56) are DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claim presented in light of the applicable standard, I find that a certificate of appealability is not warranted and therefore is DENIED.

It is so **ORDERED**.

ENTER: November 1, 2016

/s/ JAMES P. JONES
United States District Judge